UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CHARLES A. FELDBUSH,
     *Plaintiff-Appellant,*

v.

COUNTY OF PRINCE WILLIAM; CHARLIE
T. DEANE,

     *Defendants-Appellees.*

No. 00-1647

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-00-132-A)

Submitted: December 20, 2000

Decided: January 11, 2001

Before NIEMEYER, LUTTIG, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Richard E. Gardiner, Fairfax, Virginia, for Appellant. Angela M.
Lemmon, COUNTY ATTORNEY'S OFFICE, Prince William, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Charles A. Feldbush appeals the district court's orders dismissing his 42 U.S.C.A. § 1983 (West Supp. 2000) action and awarding attorney's fees to the Defendants. For the following reasons, we affirm.

Feldbush filed a § 1983 action against the County of Prince William and the Chief of Police, Charlie T. Deane. Feldbush alleged that the Defendants violated his First and Fourteenth Amendment rights. The Defendants moved to dismiss and the district court dismissed two counts of the complaint with prejudice and one count without prejudice under Fed. R. Civ. P. 12(b)(6). Feldbush amended the count dismissed without prejudice but it was dismissed with prejudice at a later hearing and attorney's fees were awarded to Defendants for costs incurred as a result of that amendment.

We review the district court's decision to grant a motion to dismiss under Rule 12(b)(6) de novo, construing the factual allegations in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

The record discloses that Feldbush received a less than satisfactory performance evaluation and, in a memorandum addressed to the Chief of Police, raised concerns about the accuracy of statements made in the evaluation by his direct supervisor. Feldbush was thereafter the subject of an Internal Affairs investigation. He was ultimately suspended for two days without pay and transferred to another unit of the department. Feldbush claims that the transfer and suspension violated his First Amendment right to free speech because they were in retaliation for the complaints he made in his memorandum. Feldbush also claims that Defendants violated his due process rights by depriving him of a protected property interest.

We find that Feldbush's First Amendment claim was properly dismissed because his memorandum did not address a matter of public concern. *See Connick v. Myers*, 461 U.S. 138, 147-48 (1983); *Piver v. Pender County Bd. of Educ.*, 835 F.2d 1076 (4th Cir. 1987). Feld-

bush's substantive and procedural due process claims hinge on his allegation that Defendants improperly denied him of a copy of a report prepared by the Internal Affairs unit. Feldbush, however, identifies no relevant authority entitling him to the report, and fails to demonstrate that denial of the report prejudiced his case. Finally, the award of attorney's fees was proper. *See Christiansburg Garment Co. v. E.E.O.C.*, 434 U.S. 412, 417 (1978). We deny the Appellant's motion to strike portions of the Appellee's brief. *Mylan* at 1134. We affirm the district court's dismissal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

*AFFIRMED*